PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska

~~Sealed~~

### Petition for Warrant or Summons for Offender Under Supervised Release

FILED
DEC 2 0 2005
UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

Name of Offender: Edwin James Rowan                          Case Number: A04CR065

Sentencing Judicial Officer:    James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:      October 16, 1998

Original Offense:               Unarmed Bank Robbery; Attempted Bank Robbery, 18 USC 2113(a)

Original Sentence:              71 months custody and 3 years supervised release with special conditions

Revocation Sentence:            4 months custody and 2 years supervised release

Date Supervision Commenced:     April 14, 2005

Asst. U.S. Attorney: Retta-Rae Randall            Defense Attorney: Sue Ellen Tater

## PETITIONING THE COURT

[ X ]  To issue a warrant
[   ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 17, 2005 and thereafter, the defendant used cocaine. This violation is a grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]   Revoked
[ ]   Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

-1-

27

Case 3:04-cr-00065-JKS   Document 27   Filed 12/20/2005   Page 2 of 5

Petition for Warrant or Summons
Name of Offender :   Edwin Ja[  ]owan
Case Number       :A04CR00[ ]

Respectfully submitted,

_____
Michael Pentangelo
Senior U.S. Probation Officer
Date: December 19, 2005

Approved by:

_____
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]  The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

A04-0065--CR (JKS)   on 12-20-05
✓ R. RANDALL (AUSA)
✓ US MARSHAL
✓ US PROBATION
✓ MAGISTRATE JUDGE ROBERTS
✓ def w/USM cy

_____
James K. Singleton
Senior U.S. District Court Judge

12/20/05
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

-2-

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number: A04CR065 |
| ) | |
| vs.              ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| Edwin James Rowan            ) | |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Edwin James Rowan, and in that capacity declare as follows:

The defendant was sentenced in the Northern District of California on October 16, 1998 to 71 months custody and 3 years supervised release with special conditions including $10, 088 restitution and substance abuse testing and treatment. The term of supervised release commenced on May 16, 2003.

On June 18, 2003, the defendant submitted to urinalysis testing which yielded a positive result for cocaine. The defendant admitted to illicit cocaine use. The probation officer required the defendant to attend Narcotics Anonymous meetings and increased the frequency of urinalysis testing.

On August 6, 2003, Chief Judge Sedwick accepted transfer of jurisdiction from the Northern District of California in this matter.

On October 17, 2003 and again on October 20, 2003, the defendant submitted urine specimens which proved positive for cocaine. The defendant verbally admitted to cocaine use. A substance abuse treatment assessment was scheduled and the defendant was required to attend. In the interim, the defendant again tested positive for cocaine on October 28, 2003. The defendant attended the initial substance abuse assessment appointment on November 3, 2003. Yet before he could begin outpatient treatment, the defendant began using cocaine the weekend of November 7, 2003 as verbally admitted. On or about November 10, 2003, the defendant was admitted to a detoxification program at the Salvation Army Clitheroe Center (SACC) and the probation officer arranged for a 28 day inpatient treatment at SACC to immediately follow detox. On November 14, 2003, the defendant's conditions of supervision were modified to include inpatient substance abuse treatment and participate in an aftercare program as directed by the probation officer. The defendant successfully completed these programs and entered

outpatient aftercare at SACC.

In February and March 2004, the defendant missed a series of urinalysis tests. He indicated that he was experiencing memory loss. The defendant requested to be placed on the sweat patch in lieu of urinalysis testing. This request was accommodated. However, on March 30, 2004, a sweat patch was applied and subsequently removed one week later on April 6, 2004. This patch yielded a positive result for cocaine. The defendant adamantly denied cocaine use.

On April 26, 2004, a petition to revoke supervised release was filed charging the defendant with cocaine use. This petition was ultimately dismissed on July 12, 2004 in lieu of the defendant agreeing to the modification of his conditions of supervision to include 30 days electronic monitoring which was ordered on July 1, 2004.

The defendant successfully completed substance abuse treatment in July 2004. He successfully completed electronic monitoring in August 2004.

On December 10, 2004, the defendant submitted to urinalysis testing. He initially submitted a specimen which was determined to be too dilute for testing. As such, he was instructed to return several hours later. The defendant complied with this directive and submitted another urine specimen several hours later which proved positive for cocaine. The defendant verbally admitted to using cocaine subsequent to this test. A petition to revoke supervised release alleging cocaine use was filed this date and a warrant was issued.

The defendant was taken into custody by the U.S. Marshal's Service on December 16, 2005. It was learned at this time that the defendant had attempted suicide by cutting his wrists during a cocaine binge prior to his arrest.

On January 20, 2005, the defendant admitted to using cocaine as alleged and was sentenced to 4 months custody with 2 years supervised release. In addition to the special conditions of supervision imposed at original sentencing, a condition for mental health treatment and medication compliance was added.

On December 19, 2005, the probation officer received telephonic contact from the defendant's paramour, Charlotte Davis. Ms. Davis alleged that the defendant had been using cocaine (crack) and drinking alcohol this weekend. Moreover, she alleged that he took her vehicle and is whereabouts are unknown. The probation officer attempted to contact the defendant by cell phone and left a message advising the defendant that he is aware of the current situation and directed the defendant to either telephonically contact the probation officer or to physically report to the probation office immediately. Later, the probation officer contact Ms. Davis again and she advised that he had just spoken to the defendant who acknowledged the probation officer's telephonic voicemail message and told her that he was "going to jail".

Although we do not have a direct verbal admission or positive urinalysis result from the defendant at the writing of this declaration, we are very concerned for the defendant's welfare as he poses a risk to himself and certainly to the community while in the midst of a cocaine

binge as alleged by his girlfriend. At the time of this report, Ms. Davis has agreed to testfiy to her knowledge of the defendant's drug use as alleged in the petition.

Executed this 19th day of December, 2005, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Michael Pentangelo
Senior U.S. Probation Officer