```
                    UNITED STATES DISTRICT COURT
                         District of Alaska
```

UNITED STATES OF AMERICA,            2nd **AMENDED JUDGMENT IN A CRIMINAL CASE**
                                     (For Revocation of Probation or
            vs.                      Supervised Release)
                                     For Offenses Committed On or After
                                     November 1, 1987
EDWIN JAMES ROWAN III                Original Judgment filed <u>10/28/1998</u>
                                     Case Number: <u>3:04-cr-00065-JKS</u>
                                     <u>Mike Dieni</u>
                                     Defendant's Attorney

Defendant's probation officer filed a petition on <u>12/20/2005</u> accusing defendant of <u>1</u> violation of the conditions of supervision provided in the original judgment. Defendant <u>admitted allegation 1 of petition</u>. All necessary hearings have been conducted. The court finds that the following violations are proved:

| Accusation # | Condition # | Nature of Violation | Date | Grade |
|---|---|---|---|---|
| 1 | Mandatory | Not Commit Another Offense | 12/17/05 | C |

The court finds that the following accusations are not proved: _____.
The court concludes that the conditions of supervision set forth in the court's original judgment are subject to [_] modification or [X] revocation pursuant to 18 U.S.C. § 3583(e); and defendant is now sentenced as provided in pages 2 through <u>4</u> of this amended judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, as amended.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

March 9, 2006
Date of Disposition Hearing

**REDACTED SIGNATURE**

Signature of Judicial Officer
JAMES K. SINGLETON, U.S. DISTRICT JUDGE
Name & Title of Judicial Officer

3/9/06
Date

Defendant: EDWIN JAMES ROWAN III          2NDAmended Judgment--Page <u>2</u> of <u>4</u>
Case No.: <u>3:04-cr-00065-HRH</u>

## IMPRISONMENT ON REVOCATION OF SUPERVISED RELEASE/PROBATION

Defendant's supervised release [X]   probation [_]   having been revoked, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of <u>time served</u>.

[ ]   The court makes the following recommendations to the Bureau of Prisons:

[ ]   The defendant is remanded to the custody of the United States Marshal.
[_]   The defendant shall surrender to the United States Marshal for this district,
                a.m.
    [_]  at _____ p.m. on _____.
[_]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons,
    [_]  before 2 p.m. on _____.
    [_]  as notified by the United States Marshal.
    [_]  as notified by the probation office.

### RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

                                  United States Marshal

                              By _____
                                      Deputy Marshal

AO245.REV

Defendant: EDWIN JAMES ROWAN III                 2NDAmended Judgment--Page 3 of 4
Case No.:   3:04-cr-00065-HRH

## SUPERVISED RELEASE (MODIFIED)

Defendant's supervised release [X] probation[_] is modified as follows: Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two years. Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released. While on supervised release, the defendant shall not commit another federal, state, or local crime, shall not possess a firearm or illegal controlled substance, and shall comply with the standard conditions that are included in the judgment issued by the court. Additionally, as the offense occurred after the effective date of the Violent Crime Control and Law Enforcement Act on September 13, 1994, and the Court finds there is a risk of future substance abuse, the defendant shall refrain from unlawful use of controlled substances and shall submit to one drug test within 15 days of release on supervision and at least two periodic drug tests thereafter not to exceed 12 tests per month at the direction of the probation officer. The defendant shall also comply with the following special conditions:

1. The defendant shall cooperate in the collection of DNA as directed by the probation officer.
2. In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, the defendant shall participate in either or both inpatient or outpatient treatment programs approved by the United States Probation Office for substance abuse treatment, which program shall include testing to determine whether the defendant has revered to the excessive use of drugs or alcohol. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program if it is found that he is able to do so.
3. The defendant shall submit to a warrantless search of person, residence, vehicle, office, place of employment and/or business at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release will be found on the premises to be searched. Failure to submit to a search may be grounds for revocation. The defendant shall not reside at any location without having first advised other residents that the premises may be subject to searches pursuant to this condition.
4. The defendant shall participate in and fully comply with either or both inpatient or outpatient mental health treatment programs to be approved by the United States Probation Office. At the direction of the probation officer, the defendant may be required to pay for all or a portion of any treatment program if it is found that he is able to do so. If prescribed medication by a licensed psychiatrist or physician the defendant shall be required to comply with this medication regimen.
5. Restitution as imposed at original sentencing remains in effect with credit for payments previously submitted and the defendant shall be required to continue making payments towards this obligation as directed by the probation officer.
6. Defendant to be evaluated by a mental health professional. If the evaluation warrants that the defendant participate in a program of mental health treatment that it is coordinated with and coordinated with continuing efforts to deal with the defendants drug dependancies. The defendant may be required to pay for all or a portion of any treatment program if it is found that he is able to do so.

Defendant: EDWIN JAMES ROWAN III                 2NDAmended Judgment--Page 4 of 4
Case No.:  3:04-cr-00065-HRH

## SUPERVISED RELEASE (MODIFIED)

7. Upon release from imprisonment the defendant shall reside at a Community Corrections Facility for a period of 90 days. The defendant shall abide by the rules and regulations of the center. Shall be eligible for work release and substance abuse treatment.

The term of supervision is not [ ] is [_] extended as follows:

Original term of supervision revoked. Two year term of supervision imposed.

Except as hereinabove provided, the standard conditions of supervision and any special conditions of supervision contained in the court's original judgment shall remain in effect.

AO245.REV