# United States District Court
для the
## District of Alaska
Supplemental Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Edwin James Rowan     Case Number: A04CR065

Sentencing Judicial Officer:     James K. Singleton, Senior U.S. District Court Judge

Date of Original Sentence:     October 16, 1998

Original Offense:     Unarmed Bank Robbery; Attempted Bank Robbery, 18 USC 2113(a)

Original Sentence:     71 months custody and 3 years supervised release with special conditions

Revocation Sentence:     4 months custody and 2 years supervised release

Revocation Sentence:     Time-served and 2 years supervised release; 90 days halfway house placement

Date Supervision Commenced:     March 10, 2006

Asst. U.S. Attorney: Retta-Rae Randall     Defense Attorney: Michael Dieni

## PETITIONING THE COURT

[X]  To issue a warrant (Warrant already issued on 7/31/06)
[ ]  To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

Violation Number | Nature of Noncompliance
---|---
3 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall refrain from any unlawful use of a controlled substance," in that the defendant admitted to using cocaine on or about July 25, 2006 and thereafter". This violation is a Grade C violation.

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]  Revoked
    [ ]  Extended for _____ year(s), for a total term of _____ years.

[ ]  The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

Michael Pentangelo
Senior U.S. Probation Officer
Date: August 1, 2006

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ] Other:

**REDACTED SIGNATURE**

James K. Singleton
Senior U.S. District Court Judge

08/02/2006
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case Number: A04CR065 |
| vs. ) | DECLARATION IN SUPPORT OF PETITION SUPPLEMENT |
| Edwin James Rowan ) | |

I, Michael Pentangelo, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Edwin James Rowan, and in that capacity declare as follows:

The defendant was sentenced in the Northern District of California on October 16, 1998 to 71 months custody and three years supervised release with special conditions including $10,088 restitution and substance abuse testing and treatment. The term of supervised release commenced on May 16, 2003.

On November 14, 2003, the defendant's conditions of supervision were modified to include inpatient substance abuse treatment and participate in an aftercare program as directed by the probation officer. The defendant successfully completed these programs and entered outpatient aftercare at SACC.

On April 26, 2004, a petition to revoke supervised release was filed charging the defendant with cocaine use. This petition was ultimately dismissed on July 12, 2004 in lieu of the defendant agreeing to the modification of his conditions of supervision to include 30 days electronic monitoring which was ordered on July 1, 2004.

The defendant successfully completed substance abuse treatment in July 2004. He successfully completed electronic monitoring in August 2004.

On December 10, 2004, a petition to revoke supervised release was filed charging the defendant with cocaine use.

On January 20, 2005, the defendant admitted to using cocaine as alleged and was sentenced to four months custody with two years supervised release. In addition to the special conditions of supervision imposed at original sentencing, a condition for mental health treatment and medication compliance was added.

On December 19, 2005, a petition to revoke supervised release was filed charging the defendant with cocaine use.

On March 9, 2006, the defendant was sentenced to time served with two years supervised release and 90 days halfway house placement.

The defendant re-commenced supervised release on March 10, 2006, and was admitted to the Cordova Center on March 22, 2006.

The defendant was discharged from the halfway house on June 21, 2006.

On July 26, 2006, the undersigned officer received telephonic contact from the defendant's paramour, Charlotte Davis. Ms. Davis advised that the defendant had not returned home the evening prior and she has not seen or heard from him since July 25, 2006 at 11:30a.m. She expressed concern that the defendant had relapsed to substance abuse.

Thereafter, the probation officer attempted to contact the defendant via cell phone and left a message on the defendant's voicemail directing him to report to the probation office on July 26, 2006 to submit to urinalysis testing. The defendant failed to report as instructed.

The defendant was scheduled for random urinalysis on July 27, 2006. According to the U.S. Probation Office's testing procedure, the defendant failed to call-in for urinalysis reporting instructions. Moreover, the defendant failed to report for urinalysis on July 27, 2006 as required.

The defendant's paramour had not seen or heard from the defendant since July 25, 2006. The defendant had failed to respond to the probation officer's telephone calls and had not called in for urinalysis reporting instructions since July 25, 2006.

The defendant was considered to have absconded from supervision.

On July 28, 2006, a petition to revoke supervised release was submitted to the Court and a warrant was issued for the defendant's arrest.

On July 31, 2006, the defendant reported to the probation officer and ultimately admitted to relapsing to cocaine use. The defendant stated that he relapsed on July 25, 2006 and used cocaine throughout the week, ceasing use on or about July 29, 2006.

Executed this 1st day of August, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Michael Pentangelo
Senior U.S. Probation Officer